***NOTE: Curtis M. John-Charles's claims are severed from case #C-07-5770-CW pursuant to order #12 in C-07-5770CW***

ORIGINAL

$\overset{CV}{\underset{555}{}}$

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name **Brown      William      Odessa**

    (Last)        (First)        (Initial)

Prisoner Number **K93463**

Institutional Address **Hwy 101 P.O. Box 689**

**Soledad, CA 93960-0689    Correctional Training Facility**

FILED
NOV 14 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

===================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**William Brown, et al.** (see attached)
(Enter the full name of plaintiff in this action.)

    vs.

**Warden, Ben Curry et al**

_____

_____

_____

(Enter the full name of the defendant(s) in this action)

Case No. _____
(To be provided by the clerk of court)

CV 07-5770

C08-00762 CW

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

**Class Action**
**Injunctive Relief**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    <u>Exhaustion of Administrative Remedies</u>

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement **Correctional Training Facility- (CTF)**

    B.    Is there a grievance procedure in this institution?

        YES (X)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance

    procedure?

        YES (X)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT               - 1 -        I

Additional Plaintiffs
In This Action

Curtis John-Charles T-56703
Cesar HARDIMAN H02971
William Brown K93463
John Doe's who may Join this Action

All Plaintiff's address are the same
Correctional Training Facility
Hwy 101, PO Box 686

Soledad CA 93960-0686

II

*602 is in process, will keep Court abreast of out-come for each level of Review.*

each level of review.  If you did not pursue a certain level of appeal, explain why.

1. Informal appeal *See Attached, pg XXIV-XXVIII*

_____

_____

2. First formal level *CTF-S-07-04222*
*Date Due 17 Dec 2007*

_____

3. Second formal level_____

_____

_____

4. Third formal level _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

      YES ( )        NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain

why._____

_____

_____

II.    Parties

A.    Write your name and your present address.  Do the same for additional plaintiffs, if any.

    *See pg II*

_____

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of

employment.

*Warden, Ben Curry Correctional Training Facility-*
*(CTF), Hwy 101, Box 686, Soledad CA 93960-0686*

COMPLAINT                    - 2 -

*III*

1

2

3

4    III.    Statement of Claim

5    State here as briefly as possible the facts of your case. Be sure to describe how each

6    defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7    cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8    numbered paragraph.

9    *See Attached*

10

11

12

13

14

15

16

17

18

19

20

21

22    IV.    Relief

23    Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24    you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25    *See Attached*

26

27

28

COMPLAINT                              - 3 -

1

2

3

4      I declare under penalty of perjury that the foregoing is true and correct.

5

6      Signed this __8th__ day of _November_, 20 _07_

7

8                          _Wm Brown II_

9                          (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 4 -

Additional Plaintiffs
Signatures

I declare under penalty of perjury that the foregoing
is true and corect.

William Brown K93463     *Wm Brown*

Curtis John-Charles  T.56703     *Mr Curtis John-Charles*

Cesori Hardiman     H02971     *Cesar Heard*

V1

William Brown K93463
Hwy 101, Box 689
Soledad, CA 93960-0689
Petitioner, In Pro Per

United States District Court
Northern District of California

William Odessa Brown, II,                    Case No.
Curtis John-Charles, and
Cesari Hardimaan, et al.,
and John Doe's
        Plaintiffs,

Vs.

Ben Curry, Warden, et al.,
Correctional Training Facility,
in their individual and
official capacities,
        Defendants.

Class Action Civil Rights Complaint
and Demand for Jury Trial

This is a Class Action/1983 filed by William Brown,
Curtis Charles and Cesari Hardimaan   , prisoners at

VII

Correctional Training Facility-(CTF), alleging violations
of their Constitutional rights and seeking money damages,
declaratory judgement, and injunctive relief. The Plaintiffs
request for Trial by Jury.

## Jurisdiction

1. This is a Class Action, Civil Rights action under
42 U.S.C. § 1983. This Court has the jurisdiction under
28 U.S.C. § 1343. Plaintiffs also invokes the pendent
jurisdiction of this Court.

## Parties

2. Plaintiff William Brown is presently incarcerated
at Correctional Training Facility-(CTF), Soledad, CA.

3. Plaintiff Curtis Charles is presently incarcerated
at Correctional Training Facility-(CTF), Soledad, CA.

4. Plaintiff Ersan Harbinson is presently incarcerated
at Correctional Training Facility-(CTF), Soledad, CA.

5. Defendant Ben Curry is the Warden at Correctional
Training Facility-(CTF), Soledad, CA, and who is responsible
for the operation and management of CTF. He is ultimately
responsible for the training and supervision of his staff
and/or Administration.

VIII

## Complaint

Since the placement of Wm Brown in Ad-Seg on 3 Aug 2007. It has been an difficult task and uphill battle in gaining access to the institutions law library while in ad-Seg lock up.

Being in Ad-Seg (lock-up) access to the law library is <u>only</u> given to inmates only on Mondays for two (2) hours and kept in restraints the entire duration of being in the library in addition to being held in a holding cage.

In addition to not having physical access to the library, there is NO paging system intact for inmates to maintain their suits effectively.

In trying to gain ~~phys~~ physical access to the library your placed on a waiting rotation list in which takes two to three weeks, (if not longer) to having any type of physical access ~~but~~ for your name to come forth. This process even discriminates and denies inmates with Court Order Deadlines physical access.

By denying inmates physical access to the law library not only denies the petitioners to meaningful access to

1X

1  the Courts, but also hampers our abilities for copies
2  to be serversed on parties and Courts, in order to
3  prepare their petitions sucessfully and obtain the
4  appropriate copies for their records.
5
6   Also, since that Ad-Seg inmates ONLY have access
7  to the Law Library on Mondays when Holidays, Fog
8  Counts or the Librian does not show up for work,
9  the library is closed and inmates are denied access
10  for that week without the possibility of a make up
11  day, this process can go on for weeks at a time
12  and when you add it the rotation factor your lucky
13  to gain access once a month for two (2) hours. When
14  there is a ~~scot~~ shortage of staff, (Librian), Ad-Seg inmates all
15  flatout Denied access, (physical) during any one of these
16  events, or no replacement librian is brought in to run the
17  law library for Ad-Seg.
18
19   Furthermore, this situation would not be as half as bad
20  "if" there was an paging system in place, an adequate one,
21  however that system is non-exsitance for Ad-Seg inmates.
22  There is No one trained in law who can conduct
23  rounds in Ad-Seg to handle legal affairs for inmates.
24   Sure you can send your legal documents through institu-
25  ation mail or hand it to Correctional officers, but you
26
27
28

                              X

are taking a Big Risk of yous documents comming up lost, missplaced, missing or just down and out right thrown in the trash.

PLU's, (Priority Library User) is for individuals with Court established deadlines, in which is ignored by custody staff due to the rotation system that they have implemented a court order does not mean anything to staff and it sure does not gain you access to the library to maintain you cases or civil suits or whatever the matter is before the courts.

Also when physical access is given you are placed in an holding cage while still in waist restraints. The restraints are not removed and left on during the durration of access to the Law Library, in which is deliberate indifference to my (8th) constitutional rights, we are are already in a secure holding cage— (Locked cage, in waist chains and Hand cuffs). You are deliberately left in this cage in this condition until your departure back to Ad. Seg, you are left in this situation for two or more hours at times.

Also when you do have physical access you are denied the right to check out legal books or have copies made of case law via of paging system or physical access.

XI

Point Blank and simple being in Ad.Seg you are flatout denied meaningful and adequate access to the Court to prepare documents from persons trained in law.

Finally, when you are granted access, physical, to the library. The librarin is completely undermanned with help in assisting Eight (8) inmates adequately within the alotted time frame of two (2) hours. The librarian is unable to handle the workload of getting law books, supplies and make copies in a two hour period for Eight people. If you are needing copies you have to leave them there and take the chance of getting your copies by the end of the week, if your lucky.

there is a prime example of a Non-Paging System; on Tuesday 30 Oct 2007, petitioner handed Correctional officer Hurley¹ several documents to be sent to the Law Library to be copied. The officer then gave the documents to another staff member Correctional officer Barnes².

¹ Correctional officer Hurley, is the Second teir officer for Ad.Seg on Second Watch. O-Wing

² Correctional officer Barnes, is the C/o who work 2nd watch in the office for Ad-Seg. O-Wing

XII

Petitioner, (Wm Brown) documents sat in the office for several days. Now on the 1st Nov. 2007, petitioner went for an Committee action, to which I came in contact with C/o Barnes. I had asked him about the documents he received from C/o Hurley to be sent to Library for copies, C/o Barnes informed me, "that he still had the documents and that he didn't have the time to take it to the library." Therefore I asked for the documents back. Staff had two full days to accomplish this request and it was Not handled accordingly, in which clearly shows that there is No ~~can~~ adequate paging system intact for O-Wing Ad. Seg inmates.

Furthermore, even if you try to have correctional staff copy the documents-this is even harder to come by- staff wants you to sign a Trust withdrawal slip but only will do to or three pages and one copy at best for the document. By signing a Trust Slip for the small amount of documents to be copied is an useless effort or attemp from staff - In addition staff will cop an add.titude when you ask them for copies.

XIII

1  . Also to the problem supplies are hard to come by as well.
2  (such as papers-legal, envelopes-manilla), furthermore ink
3  pens or pencils.
4
5      However pencils are provided, but you have No means
6  to sharpen the utensil. As it has been indicated on most if
7  not all, All Court documents have to be typed or in ink,
8  documents in pencil have the tendency to smugh, smear or
9  fade when rubbed or during the mailing process. In
10  addition to the pencil, although you have No means to sharpen
11  it yours also not provided an ears eraser.
12
13
14
15
16  I declare under the penalty of perjury that the forgoing
17  is true and correct and that I'm the lead plaintiff
18  bringing forth this complaint.
19
20  Dated: 8 Nov 2007
21
22
23          Wm Brown II
24  Williams Odessa Brown II K93463
25          Petitioner
26
27
28

XIV

Supplemental Page

Also, as to when the institution implements a Fog Count on Mondays all program is cancelled for Ad. Seg, except shower program or medical appointments.

Now this count will clear approx 0930-1030 hrs, in which still gives ample amount of time to run Library access. However that access is flat-out Denied! Therefore forcing an individual to wait for the following week, for access.

XV

William Brown K93463
CTF Hwy 101, Box 689
Soledad, CA 93960-0689

Petitioner, In Pro Per

United States District Court
Northern District of California

William Odessa Brown, II,
Curtis John-Charles, and
Cesari Hardiman, et al.,
        Plaintiffs,

vs.

Ben Curry, Warden, et al.,
        Defendant.

Case No.

Declaration of
William Odessa Brown II

I, William Odessa Brown II, declare:

1) That I am an inmate at Correctional Training Facility in Soledad, California;

2) That while his time at CTF he was placed in Ad-Seg (Lock-up) on 3 Aug 2007 and to which is still in Ad-Seg and that any given point in time I can truly account with my personal knowledge to the events stated herein in this Declaration;

XVI

3) That during my time in Ad. Seg there was No paging system, (adequate) in to d that allowed me to maintain cases that have been filed with the courts. Request would be sent to Central Library asking for documents or case law and I'm still waiting for these requests to be addressed;

4) Access, physical, to law library is hard to come by due to an rotation process, lack of staff, and or fog counts including Holidays. When holidays, fog counts or when the librian doesn't show up, the library is closed for Ad. Seg inmates without the opportunity of an make up day or access for that week. Physical access is ONLY held on Mondays and Mondays Only no exceptions;

5) The institution does not have an person who is adequately trained in law that does rounds in the unit, (Ad. Seg housing) for inmates to check out legal books, get copies, get documents. i.e. proof of services, envelopes, paper etc., etc., etc.);

6) Furthermore, when physical access is given the librian cannot handle the work load of eight inmates in a two (2) hour period. I'm, (we are), left waiting for copies, legal books and what ever else that I need. By the time you get what you requested its time to go and your not allowed to check it out, due to No staff librian to make rounds to collect checked out books;

XVII

7) In addition when given physical access to the law library you are deliberately left in restraints - waist chain and handcuffs while being in a secure holding cage for a period of two (2) hours or longer. By being restrained in this manner hampers my ability to write, plus the pressure on my wrist from the cuffs from writting and holding books is not so cool; (it is quite painfull.)

8) Sending Legal Documents through institutional mail or handing sensitive legal documents to persons, (Correctional staff officers) who are not trained in law have the high possibility of its contents to be read, being misplaced, lost, and/or just flat out thrown in the trash, with No regards to that individuals legal right of access to the courts. There is No policy in place holding individuals accountable when and if they do pick up legal documents from an inmate in Ad. Seg to be delivered to the library. (Receipt process); It is an Good faith process;

9) When you present staff with your deadline, (example Sixth Appellate District, Case No. H031885, and order was issued on 12 Oct 2007 and Expired on 1 Nov 2007, for the ~~Bell~~ petitioner to file required documents to the Superior Court - Case No M82457, I was denied access to library on the 15th of Oct 2007, due to rotation schedule or policy, on the 22nd of Oct 2007- librarian did show up for work and

XVIII

no one came in to run library — (supervisor or other librian)
and on the 29th of Oct 2007 library was closed due to fog
Court) to staff. your not given any access to
the library, so having a deadline is insufficient, the institution
will not comply with it, run or implement an paging system
or woke up the days it has cancelled the library for Ad. Seg
inmates. Therefore making an person access to the courts
very difficult to comply with, an Judge's order, when that
inmate is not provided adequate means to prepare his
defense, argument, and/or prosecute his case effectively
when you are completely hampered from his access to
the library.

  I declare under penalty of perjury that the foregoing
Declaration is true and correct and that this Declaration
was executed on 31 Oct 2007, at Correctional Training
facility, Soledad, C.A.

William Brown

XIX

# AFFIDAVIT/DECLARATION
# OF CURTIS JOHN-CHARLES

## To: THE STATE OF CALIFORNIA:

~~County of~~ USDC. N.Dist of CA

I, Curtis John-Charles declare the following:

1. That I am an inmate at Correctional Training Facility (Soledad) Prison in Monterey County, California;

2. That this affidavit/declaration is made of personal knowledge and facts attested to herein, except where indicated, and if called to testify, I would and could testify competently hereto;

3. That I make the following declaration of personal experience and facts of time spent in Administrative Segregation Units;

4. On 9.7.06 til 11.18.06 I was placed in Administrative Segregation;

5. On 9.20.07 (and counting) I was placed & is currently in Administrative Segregation;

6. That I have been denied access to the Law Library on numerous allowed days while in Administrative Segregation back in 2006, and currently in 2007;

7. That I have not been allowed to check out legal books & material afforded to general population Inmates; that is also "suppose" to be afforded to Administrative Segregation Inmates;

8. That when I am allowed access to the Law Library, It is not for the entire two (2) hours allowed;

9. That while in the Law Library, I am placed in a holding caged and remained in restraints the entire time allowed.

10. That the one Librarian, Mr. Timothy Crawford, who is a diabetic is not equipped to handled/deal with the needs & legal wants of the eight (8) inmates permitted to the law library;

11. That the Law library for Administrative Segregation Unit is only on Mondays;

XX          Page 1 of 2

12. That Administrative Segregation Inmates does not get make up days when holidays, fog counts; or shortage of mainline staff falls on the only Monday (of every week) that is allowed for Administrative Segregation Inmates;

13. That Central Facility Law Librarian, the Timothy Crawford illegally Makes copies of verified court documents, orders, and legal deadline as he has said he has been told to do by the Institution Security Unit (ISU);

14. That I can only get a priority legal use (PLU) status for a deadline pass if I allow him to make a copy for him and ISU;

15. That his job is to verify inmates deadline, not to make copies of said legal court paperwork for him or ISU to read;

16. That Mr Timothy Crawford refuses to sign any documents asked of by me (as well as other prisoners) Regarding procedure or policy of the Law Library; and

17. That Mr Timothy Crawford, has told me that he has been instructed to not sign anything by or for inmates, period!

I declare this to the best of my knowledge, under the penalty of perjury of the laws of the STATE OF CALIFORNIA, and that the following/foregoing is true and correct. Executed on this 30th, day of October, 2007, in Soledad, California.

Mr. Curtis John-Charles
CDC # T.56703

XXI

Page 2 of 2

IN THE STATE OF CALIFORNIA                    )

FOR THE USDC N. DISTRICT OF Calif.): SS    CESARI HARDIMAN
#D2971

    I, CESARI HARDIMAN, Declare:

    1. I am a inmate housed at CTF-Soledad, and have been in Administrative Segregation (hereinafter Ad. Seg.) since January 7, 2007.

    2. That I know all of the information contained in this declaration of my own knowledge and know that it is true and correct. If called as a witness at any trial or hearing I could competently testify thereto.

    3. Since my placement in Ad. Seg., I have consistently applied for access to the legal library; inwhich, I am usually granted approval once (1) a month for a two (2) hour session, on Monday only (i.e. Ad. Seg. inmates are only allowed law library access on Mondays.).

    4. If the law librarian does not report to work, or if there's a problem with the program (i.e Fog Count, holiday schedule, etc.) The law library is cancel and no make-up days are ever scheduled for these missed days; regardless of your court deadlines and/or the status of your case.

    5. When you are granted access to the law library, inmates are placed in holding cages to conduct their legal research in, and even while we are confined within this cage; we're not allowed out of our hand cuffs, and must manage everything within this cage, while cuffed.

    6. The only person who is allowed in the library while Ad. Seg. inmates are in there; besides the

1  custody staff, is the law librarian. who is responsible for
2  taking care of every inmate needs within these two hours
3  session. Inmates are left at long period of times without
4  research material(s), with having to leave their legal documents
5  inorder to have them copied, sometimes your legal documents
6  are not ever returned to you.

7      7. The paging system is non-existant; even though, it
8  is suppose to be in operation right now. The law librarian has
9  never made rounds on the tier to collect these requests, nor
10  are there ever answered when you submit them through the
11  institutional mail. I have personall submitted several
12  requests, and none of them have ever been answered.

13      8. I have witness many inmates who cases were
14  dismissed due to their filing of late briefs and/or failing to
15  respond at all; because they were not given adequate time in
16  the legal library to prepare, or the library was shut down on
17  the monday that Ad. seg. is allowed access, and they could
18  not obtain copies. etc.

19      9. I have never had enough time and/or research
20  material to adequately file any legal documents within the
21  court since my arrival here in Ad. seg.

22

23      I declare under penalty of perjury that the
24  foregoing is true and correct to the best of my abilities
25  and belief. Executed this 1st day of November, 2007;
26  here at CTF-Soledad, P.O. Box 689, Soledad, Ca. 93960

27

28

XXIII          2.          CESARI HARDIMAN

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE  BROWN, K93463                    Date: November 2, 2007
Current Housing: CFOWT2000000241L

From:  INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CTF-S-07-04222

ASSIGNED STAFF REVIEWER: SCEP CNTRL EDU
APPEAL ISSUE: LEGAL
DUE DATE: 12/17/2007

Inmate BROWN, this acts as a notice to you that your appeal has been sent to the
above staff for FIRST level response.  If you have any questions, contact the
above staff member. If dissatisfied, you have 15 days from the receipt of the
response to forward your appeal for SECOND level review.


J. Aboytes, CCII / P.G. Dennis, CCII
Appeals Coordinators,
Correctional Training Facility


*Class Action 602*


*XXIV*

*Copy*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region          Log No.                Category

1. _____        1. _____      _____

2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Wm Brown | K93463 | | OW 241 |

A. Describe Problem: In accordance with Ad Seg Policy, individuals are only given access to the law library for only two (2) hours a[nd] per week and only on Mondays. Correct?

Problem or appellants contentions:

(Please see Attached)

(This Appeal is being filed pursuant to CCR 3084.2(f) Group Appeal)

If you need more space, attach one additional sheet.

B. Action Requested: Should any of this Appeal be P. Granted, define what is denied and what is granted; 2) That Ad Seg inmates be given greater access to the law library; 3) that when holidays fall on Monday's that it is made up in a timely fashion; 4) when librarian does not show (see attached)

Inmate/Parolee Signature: _____Wm Brown_____     Date Submitted: 29 Oct 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

*XXV*

Copy

# I.

Since that access to the library is only on mondays, Library access is deliberately denied to individuals when a Holiday falls on that Monday. Basically I'm not afforded an opportunity to the Law library for that week due to the Holiday. I must wait until the following week for access. Why can't Ad-Seg have access to the Law library before the Holiday (Sat) or after the Holiday (Tues)? Even fog counts.

# II

When the librian doesn't show up for work, (Mondays) also denies me the opportunity for access to the library for that week.

# III

Furthermore, when you present staff-custody with your deadline documentation on the request forms, your still past by for access to the library. Having a deadline does not give priority to the library, for Ad-Seg.

# IV

Also in obtaining copies of documents' for the Court and Defendants is very hard to come by when you cannot gain access for them. There is No librian to pick up legal documents, to be copied. so they can be copied and returned. Sending documents (legal) through institutional mail- is hazzardous, documents come up lost, missing or what ever else may happen to them, etc., etc.

V is hard to come by when No Paging System implemented

XXVI

I've had documents come up missing - originals - when sent thru the mail.

## V.

Furthermore this appeal arises out of, the basically deficient legal library system that has been put into place for Ad. Seg. inmates. An inmate access to courts i.e. legal library is not curtailed by his placement in Ad. Seg. Yet, inmates in Ad. Seg. is/are only allowed(2) two hours of library use and that usage is only on Mondays, over a week. If its a holiday or the librarian doesn't show up? Ad. Seg. inmates must and forced to wait a whole week for possible access; not withstanding the urgency of documents in which that have to file, and/or pending deadlines. Furthermore, with the limited number of holding cages, inmates with deadlines or not, are made to wait for an opportunity (cycle) to enter the legal library, (appear. wait time 2-3 weeks), with the frequency of once every two week (not including the afore-mentioned delays). Also restraints can be left on during the time of access + being in holding cages, two plus hours at times.   VI

Due to the fact that the librarian is the only one allowed in the law library at the time Ad. Seg. is present; inmates spend most of their time waiting for service from one person, who at his best, is not capable of gathering legal supplies and materials; as well as; to try to run legal copies or he can within the allotted time, (2hrs) for eight people.

## VII

Last but not least, the Non-existance of a paging system. Their is the one trained in law who makes rounds in Ad. Seg. to gives an inmate access, or adequate, meaningful, to the Courts. This process is Not given to Ad. Seg. inmates. Thus hampering his ability to meet deadlines, file correct documents, to get copies, and do legal research.

Action Requested Cont: (8 check out legal books + of legal copies cases (fallon, remove restraints while in holding cages) up to run the library - that an replacement, (supervisor) run the library for Ad. Seg. inmates; 5) that the librarian have assistance to run library when Ad. Seg. inmates are present; 6) that an paging system be implemented, rounds conducted twice a week for Ad. Seg. by a person trained in law,

*Copy*

| CDC # | Name | Cell | Signature |
|---|---|---|---|
| K83463 | William Brown | OW 241 | Will Brown |
| T-56703 | Curtis John-Charles | OW-239 | Mr. C. H. John-Charles |
| H02971 | Cessri Handinaan | OW-226 | C.H. Harlin |

XXVII

Supporting Documentation
Copy

William Brown K93463

1) Sixth Appellate Dist, issued 12 Oct 2007, deadline 1 Nov 2007, Case
No H031885, Superior Court M82457 Brown x M.S. Evans

2) He 5775, Monterey Superior Court 24 Sept 07 issued

3) HC 5736, Monterey Superior Court 13 Sept 07 issued

4) MS3571, Monterey Superior Court, issued on 12 Oct 2007

5) USDC. N.Dist. CA C-07-5339 Cw(PR) issued 9 Oct 2007


John-Charles, Curtis-T-56705

1) E. Dist, USDC. order issued 15 Oct 2007, exp/deadline
18 Nov 07, Case# CIVS-05-0175 MCE GGAP

2) HC 5770 Monterey Superior Court


Hardiman, Cesari-H02971

1) L.A. County Superior Court  BA023303


XXVIII

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _Wm Brown_, declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

_Wm Brown_, CDCR #: _K93463_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _____
SOLEDAD, CA  93960-0689.

On _8 Nov 2007_, I served the attached:

_Civil Rights Complaint 42 USC 1983 and_
_Application Waiver Court Fees and Costs_

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined.  The envelope was addressed as follows:

USDC. N. Dist. of CA
450 Golden Gate Ave
Box 36060
San Fran, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on _8 Nov 2007_.

_William Brown_
_Wm B___
Declarant

1

2

3                    IN  THE  UNITED  STATES  DISTRICT  COURT

4              FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA

5

6    CURTIS M. JOHN-CHARLES,              No. C 07-5770 CW (PR)

7              Plaintiff,                 ORDER (1) GRANTING MOTION TO
                                          RECONSIDER; (2) VACATING ORDER
8       v.                                DISMISSING PLAINTIFF JOHN
                                          CHARLES'S ACTION WITHOUT
9    BEN CURRY, Warden,                   PREJUDICE; (3) SEVERING HIS
                                          CLAIMS; AND (4) OPENING CLAIMS
10             Defendant.                 IN A NEW CASE
     _____/

11

12        Plaintiff Curtis M. John-Charles, is a prisoner of the State

13   of California who is incarcerated at San Quentin State Prison.

14   Plaintiff John-Charles filed this pro se civil rights case along

15   with two other Plaintiffs.  At the time they filed the complaint,

16   Plaintiffs were confined at the Correctional Training Facility

17   (CTF) in Soledad.

18   I.   Granting Motion to Reconsider and Vacating Order Dismissing
          Plaintiff John-Charles's Complaint
19

20        In an Order dated January 11, 2008, the Court dismissed

21   Plaintiffs' complaints for failure to provide proper in forma

22   pauperis (IFP) applications.

23        On January 28, 2008, Plaintiff John-Charles filed a completed

24   IFP application.

25        On January 29, 2008, Plaintiff John-Charles filed a "Motion to

26   Appeal Judgment; Motion to Reconsider and Objection to Order of

27   Dismissal (Without Prejudice)."  Plaintiff states that he has

1   another pending case before the Honorable Phyllis J. Hamilton of

2   this Court.   See John-Charles v. Abanico, et al., Case no. 07-5786

3   PJH (PR).   He claims that he filed "two (2) separate and completed

4   in forma pauperis application [sic] for both pending cases."

5   However, he alleges that even though he acted "in accordance with

6   the prison procedure," his IFP application was only submitted in

7   Case no. 07-5786 PJH (PR).   See IFP application filed Nov. 14, 2007

8   in Case No. 07-5786 PJH (PR).   Plaintiff John-Charles has since

9   filed a complete IFP application in this action.

10      In view of this, Plaintiff John-Charles's motion to reconsider

11  is GRANTED.   Therefore, the Court's January 11, 2008 Order of

12  Dismissal Without Prejudice is VACATED as to Plaintiff John-

13  Charles's complaint.   His motion to appeal judgment is DENIED as

14  unnecessary because there is no final judgment to appeal.

15  II.   Severing Plaintiff John-Charles's Claims, Directing Clerk to
         File Claims as New Case and Referring Case for Related Case
16       Determination

17      The Court finds that Plaintiffs John-Charles and Brown should

18  proceed in separate actions.[1]   Because Plaintiffs John-Charles and

19  Brown have limited access to one another and cannot represent each

20  other in these proceedings, basic case management principles of

21  delay reduction and avoidance of confusion call for their claims to

22  proceed separately.   Accordingly, Plaintiff John-Charles's claims

23  are severed from Plaintiff Brown's claims.   Plaintiff John-

24  _____

25      [1]   In a separate Order, the Court has also vacated the Order of
    Dismissal Without Prejudice as to Plaintiff Brown's complaint and
26  ordered Plaintiff Brown to show cause in writing why his action should
    not be dismissed pursuant to 28 U.S.C. § 1915(g).
27

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Charles's claims in this action are DISMISSED without prejudice,

2  and the Clerk of the Court is directed to file his complaint as a

3  new action.

4                              CONCLUSION

5      1.    Plaintiff John-Charles's motion to reconsider (docket no.

6  11) is GRANTED.

7      2.    The Court's January 11, 2008 Order of Dismissal Without

8  Prejudice is VACATED as to Plaintiff John-Charles's complaint.  The

9  Clerk of the Court shall REOPEN the action filed by Plaintiff John-

10 Charles.

11     3.    Plaintiff John-Charles's motion to appeal judgment

12 (docket no. 11) is DENIED as unnecessary.

13     4.    Plaintiff John-Charles's claims are severed from

14 Plaintiff Brown's claims.  The Clerk of the Court is directed to

15 file Plaintiff John-Charles's complaint as a new action before this

16 Court and assign it to the undersigned.

17     5.    Plaintiff John-Charles is GRANTED leave to proceed IFP

18 (docket no. 10).

19     6.    The Clerk shall file and docket in the new case Plaintiff

20 John-Charles's complaint and the Order granting him IFP status.

21     7.    This Order terminates Docket nos. 10 and 11.

22     IT IS SO ORDERED.

23 DATED: 1/31/08                 _____

24                               CLAUDIA WILKEN
                                  United States District Judge

25

26

27

P:\PRO-SE\CW\CR.07\Brown-Charles-Hardiman5770.vacCharlesDISIFP.wpd 3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM BROWN et al,

         Plaintiff,

  v.

BEN CURRY et al,

         Defendant.
_____/

Case Number: CV07-05770 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesari  Hardiman H02971
Correctional Training Facility
Hwy 101 P.O. Box 689
Soledad,  CA 93960-0689

Curtis M. John-Charles T-56703
CTF-Soledad
P.O. Box 689
Highway 101 North
Soledad,  CA 93960-0689

William Odessa Brown K-93463
CAL
P.O. Box 5002
Calipatria,  CA 92233-5002

Dated: January 31, 2008

                     Richard W. Wieking, Clerk
                     By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California