IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS M. JOHN-CHARLES,<br><br>            Plaintiff,<br><br>    v.<br><br>BEN CURRY, Warden,<br><br>            Defendant.             / | No. C 08-0762 CW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff Curtis M. John-Charles, is a prisoner of the State of California who is incarcerated at San Quentin State Prison. Plaintiff John-Charles filed this pro se civil rights case along with two other Plaintiffs, William Odessa Brown, II and Cesari Hardiman. At the time they filed the complaint, Plaintiffs were confined at the Correctional Training Facility in Soledad.

In an Order dated January 11, 2008, the Court dismissed Plaintiffs' complaints for failure to provide proper in forma pauperis (IFP) applications.

On January 28, 2008, Plaintiff John-Charles filed a completed IFP application.

On January 29, 2008, Plaintiff John-Charles filed a "Motion to Appeal Judgment; Motion to Reconsider and Objection to Order of Dismissal (Without Prejudice)."

In an Order dated January 31, 2008, the Court granted Plaintiff John-Charles's motion to reconsider and vacated the Court's January 11, 2008 Order of Dismissal Without Prejudice. His motion to appeal the judgment was DENIED because there was no final judgment to appeal.

Also in the January 31, 2008 Order, the Court found that Plaintiffs John-Charles and Brown must proceed in separate actions.[1] Accordingly, Plaintiff John-Charles's claims were severed from Plaintiff Brown's claims, and the Clerk of the Court was directed to file Plaintiff John-Charles's complaint as a new action. Thus, the present case was opened.

The Court now reviews Plaintiff John-Charles's complaint.

DISCUSSION

The Court finds that Plaintiff John-Charles has not exhausted California's prison administrative process.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a

---

[1] In a separate Order also dated January 31, 2008, the Court vacated the order of dismissal as to Plaintiff Brown's complaint and ordered Plaintiff Brown to show cause in writing why his action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In an Order dated May 1, 2008, Plaintiff Brown's action was dismissed without prejudice to refiling his claims in a new case in which he pays the filing fee. His request to proceed IFP was DENIED pursuant to § 1915(g).

2

1  prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741
2  (2001).  Similarly, exhaustion is a prerequisite to all prisoner
3  suits about prison life, whether they involve general circumstances
4  or particular episodes, and whether they allege excessive force or
5  some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion
6  requirement requires "proper exhaustion" of available
7  administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 94 (2006).
8      The State of California provides its prisoners the right to
9  appeal administratively "any departmental decision, action,
10 condition or policy perceived by those individuals as adversely
11 affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).
12 It also provides them the right to file appeals alleging misconduct
13 by correctional officers and officials.  Id. § 3084.1(e).  In order
14 to exhaust available administrative remedies within this system, a
15 prisoner must proceed through several levels of appeal:
16 (1) informal resolution; (2) formal written appeal on a CDC 602
17 inmate appeal form; (3) second level appeal to the institution head
18 or designee; and (4) third level appeal to the Director of the
19 California Department of Corrections.  Barry v. Ratelle, 985 F.
20 Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15,
21 § 3084.5).  A final decision from the Director's level of review
22 satisfies the exhaustion requirement under § 1997e(a).  Id. at
23 1237-38.
24     Non-exhaustion under § 1997e(a) is an affirmative defense
25 which should be brought by defendants in an unenumerated motion to
26 dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v.
27 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a
28

3

complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.  Here, Plaintiff John-Charles concedes he has not exhausted his administrative remedies. Plaintiff John-Charles has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

  Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

  The Clerk of the Court shall enter judgment in accordance with this Order and close the file.

  IT IS SO ORDERED.

DATED: 10/17/08

            CLAUDIA WILKEN
            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CURTIS M. JOHN-CHARLES,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-00762 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis M. John-Charles T-56703
San Quentin State Prison
North Block  5-N-89-U
San Quentin, CA 94964

Dated: October 17, 2008

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk